**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**



IPS SHARED TECHNICAL SERVICES, INC.,
           **Plaintiff,**

-vs-                                          **Case No. A-14-CA-1092-SS**

OVERWATCH SYSTEMS, LTD., and DOES 1
through 100, Inclusive,[1]
           **Defendants.**

## O R D E R

    BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Overwatch Systems, Ltd.'s Motion for Summary Judgment [#7], Plaintiff IPS Shared Technical Services, Inc.'s Response [#17] thereto, Defendant's Reply [#19] thereto, Defendant's Motion for Rule 11 Sanctions [#8], and Plaintiff's Response [#18] thereto. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

    This is a breach-of-contract and quantum meruit action arising from a government sub-subcontract agreement between Plaintiff IPS Shared Technical Services, Inc. (IPS) and Defendant Overwatch Systems, Ltd. (Overwatch). The Boeing Company (Boeing), prime contractor for a

---

[1] While "Does 1 through 100, Inclusive" are present in the case style as set forth in the plaintiff's complaint, review of the body of the complaint reveals no allegations whatsoever are directed against any Doe defendants. *See generally* Compl. [#1]. As "Does 1 through 100, Inclusive" do not appear on the civil cover sheet filled out by the plaintiff at the inception of this suit, the Court suspects inclusion of the Doe defendants in the case style was accidental. *See* Compl. [#1-1] (Civil Cover Sheet). As the plaintiff has made no allegations in support of any claim against any Doe defendants, the Court hereby DISMISSES WITHOUT PREJUDICE all claims against Does 1 through 100, Inclusive, to the extent asserted.



federal government military technology development program known as the United States Army Future Combat System, subcontracted with Overwatch for the provision of software applications and systems for the program.  In July 2004, Overwatch, in turn, sub-subcontracted with IPS for the development of meteorological and weather information services for the program.  IPS alleges Overwatch has refused to pay $860,226 owed under the terms of their sub-subcontract.

The sub-subcontract (the Contract) between Overwatch and IPS was structured as a "Cost Plus Fee" agreement, a type of cost-reimbursement contract permitted by the Federal Acquisition Regulations, the regulatory scheme governing government contracts.  *See* Mot. Summ. J. [#7-1] Ex. 1-A (Contract) at 10[2]; 48 C.F.R. §§ 16.305–.306.  Under the Contract, IPS kept track of the costs it incurred while performing services, and Overwatch periodically reimbursed IPS for its costs and paid IPS an additional, negotiated fee.  As required by the Federal Acquisition Regulations, the Contract also includes a "Limitation of Cost" provision, which sets a limit on the amount of money payable to IPS under the Contract.  *See* Contract at 29, § H.1 (specifying "the total sum presently available for payment and allotted to this contract"); 48 C.F.R. § 32.706-2.

Shortly after Overwatch and IPS executed the Contract, the Defense Contract Audit Agency (DCAA) initiated an audit of the Contract to review the reasonableness of the costs IPS was billing to Overwatch.  IPS alleges that because DCAA audits can often take years to complete, Overwatch and IPS agreed that any changes to the Contract costs identified by DCAA would be deemed "retroactive for the entire contract."  Compl. [#1] ¶¶ 14–15.

In response to a request by Overwatch, on December 2, 2009, the DCAA released Audit Report No. 4281–2009A17900001 (Report No. 4281), which specifically examined IPS's invoiced

--------------------------------

[2] Pincites are to the page numbers generated by CM/ECF.

costs under the Contract from June 1, 2004, through January 2, 2009. Reply [#19-1] Ex. 1-A (Report

No. 4281) at 6. Report No. 4281 indicated that within those dates, IPS's total allowable, recorded

costs exceeded the costs IPS had invoiced to Overwatch by $860,226. *Id.* at 9. Report No. 4281

further indicated that its results were "qualified to the extent that questioned costs may result from

our audits of [IPS]'s incurred cost claims" and "from re-submission by [IPS] of its incurred cost

claims and the application of [IPS]'s corrected G&A rates to total costs." *Id.*

On April 7, 2010, apparently in response to communication with an IPS representative,

Steven Lee, a DCAA auditor, sent Don Clark, IPS's Director of Finance, the following email:

> Hi Don,
>
> I pulled up [Report No. 4281] and questioned costs through Invoice No. 2481 were
> ($860,226). Let me know if you have any other questions.
>
> Steven Lee, Auditor

Mot. Summ. J. [#7-1] Ex. 1-B at 53. The following day, April 8, 2010, IPS invoiced Overwatch for

$860,226, explaining in an email that the invoice "encompasse[d] the difference between all

recorded costs audited and accepted by the DCAA and amounts previously invoiced." Mot. Summ.

J. [#7-1] Ex. 1-C at 54. On April 9, 2010, Overwatch responded: "We cannot pay this invoice

because it exceeds the value and funding of the subcontract. We are willing to take another look at

the subcontract value and funding when [IPS] has final, audited rates and submits a close-out

proposal for this subcontract." *Id.* Ex. 1-D. Two-and-a-half years later, on December 13, 2012, IPS

again requested payment; on January 3, 2013, Overwatch once again refused to pay, citing the April

9, 2010 email. *See id.* Exs. 1-F, 1-G.

On January 3, 2014, IPS filed suit against Overwatch in California state court, alleging breach of contract and requesting $860,226 in damages. *See id.* Ex. 1-H. In its complaint, IPS alleged Overwatch breached the Contract on April 9, 2010. *Id.* at 75. Overwatch subsequently removed the case to federal court in the Northern District of California, which dismissed the suit without prejudice for lack of personal jurisdiction on Overwatch's motion. *See id.* Ex. 1-I at 88.

On December 10, 2014, IPS filed its complaint in this Court. *See* Compl. [#1] at 1. The instant motions followed.

## Analysis

### I.     Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

-4-

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id*. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id*.

"Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II.    Application

Overwatch argues it is entitled to summary judgment because IPS's claims are time-barred. The Court agrees. Under Texas law, claims for breach of contract and quantum meruit are subject to a four-year statute of limitations. *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002); *Pepi Corp. v. Galliford*, 254 S.W.3d 457, 461 (Tex. App.—Houston [1st Dist.] 2007, pet. struck). Thus, a party

asserting either type of claim must sue no later than four years after the day the claim accrues. TEX. CIV. PRAC. & REM. CODE § 16.051.  A claim for breach of contract accrues when the contract is breached, *Stine*, 80 S.W.3d at 592, and a claim for quantum meruit accrues when the services in question are performed, *Thomason v. Freberg*, 588 S.W.2d 821, 827 (Tex. App.—Corpus Christi 1979, no writ).

Here, as IPS represented in California state court and to a federal district court in the Northern District of California, Overwatch's alleged breach of contract occurred on April 9, 2010, the date Overwatch informed IPS it would not pay the $860,226 invoice because that amount exceeded the value and funding of the Contract.  Now resisting this conclusion, IPS characterizes its previous representation as an "estimated date of accrual" and argues that because Overwatch did not receive a final copy of the DCAA audit until June 29, 2012, IPS's breach of contract claim could not have accrued until that date.

The Court disagrees.  IPS's $860,226 invoice was based upon its request to the DCAA for information regarding the audit results.  The DCAA provided that information to IPS after reviewing Report No. 4281, which it issued on December 2, 2009.  *See* Report No. 4281 at 6.  Although Report No. 4281 did state its findings were qualified because the audits of IPS's incurred cost claims had yet to be completed, *see id.* at 8, IPS was not required to know the precise amount of the damages it allegedly suffered for limitations to begin to run.  *See S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996) ("As a rule, we have held that a cause of action accrues when a wrongful act causes some legal injury, . . . even if all resulting damages have not yet occurred.").  Overwatch refused to pay the $860,226 IPS contends it is owed on April 9, 2010; whether that dollar figure would later change based upon additional information obtained during the course of the audit is immaterial.

As IPS's claim for breach of contract accrued on April 9, 2010, and its quantum meruit claim accrued no later than that date, given that the work involved was invoiced from June 1, 2004, through January 2, 2009, the Court concludes IPS's suit is time-barred. Overwatch is entitled to judgment.

## III.   Overwatch's Motion for Rule 11 Sanctions

Finally, Overwatch has moved for sanctions under Federal Rule of Civil Procedure 11, arguing IPS should be required to pay Overwatch's reasonable attorney's fees as sanctions for filing its time-barred claims. *See* Mot. Sanctions [#8]. The Court declines to exercise its discretion to order sanctions in this case. While IPS's theory of limitations may have been poorly conceived, it was at least tenuously grounded in fact, as Report No. 4281 did qualify its findings, and counsel for IPS has submitted an affidavit swearing this action was brought in good faith. *See* Resp. Mot. Sanctions [#18-1] (Kelley Decl.).

### Conclusion

Accordingly:

IT IS ORDERED that Defendant Overwatch Systems, Ltd.'s Motion for Summary Judgment [#7] is GRANTED;

IT IS FURTHER ORDERED that Defendant Overwatch Systems, Ltd.'s Motion for Rule 11 Sanctions [#8] is DENIED; and

IT IS FINALLY ORDERED that all Plaintiff IPS Shared Technical Services, Inc.'s claims against Defendants Does 1 through 100, Inclusive, to the extent any claims were asserted, are DISMISSED WITHOUT PREJUDICE.

SIGNED this the 31ˢᵗ day of July 2015.


SAM SPARKS
UNITED STATES DISTRICT JUDGE